UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2011 JAN 19 AM 10: 18

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| ESTA M. DELANEY, ALBERT S. DELANEY III * | DOCKET NO. |
| SHANNON DELANEY PATIN, | |
| REBECCA DELANEY McCANDLESS, * | SECTION |
| DAVID K. DELANEY, PATRICK J. DELANEY, | **11-103 1** |
| and LAUREN DELANEY CAMARDELLE * | MAGISTRATE |
| | |
| VERSUS * | **SECT. L MAG. 1** |
| | |
| UNION PACIFIC RAILROAD * | |

\* \* \* \* \* \* \* \*

## ORIGINAL COMPLAINT WITH REQUEST FOR JURY TRIAL

This action brought by these plaintiffs is for flood damages to their real property and the appurtenances thereto and for mental anguish which has occurred over the calendar year 2010 at 172 Herman Street, Waggaman, Louisiana. This action arises from the defendant railroad's failure to adequately provide for drainage parallel to and under their four (4) sets of railroad tracks which Union Pacific Railroad property is immediately adjacent to the plaintiffs' property.

I.

## SUBJECT MATTER JURISDICTION

This court has subject matter jurisdiction in this matter pursuant to Title 28, United States Code, Section 1332 (28 USC §1332) in that the plaintiffs, Esta M. Delaney, Albert S. Delaney III, Shannon Delaney Patin, Rebecca Delaney McCandless, David K.

Fee 350
Process
X Dktd
CtRmDep
Doc. No.

Delaney, Patrick J. Delaney, and Lauren Delaney Camardelle were at all times pertinent hereto citizens and domiciliaries of Jefferson Parish (Esta M. Delaney, David K. Delaney, Patrick J. Delaney, and Lauren Delaney Camardelle) and East Baton Rouge Parish (Albert S. Delaney, III and Rebecca Delaney McCandless), Louisiana and Haymarket, Virginia (Shannon Delaney Patin) and the defendant, Union Pacific Railroad (hereinafter "UPRR") is a citizen and domiciliary of Delaware with its principal place of business in Nebraska, but is also doing business in Louisiana, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  There is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.  Furthermore, this Honorable Court has supplemental jurisdiction pursuant to 28 USC §1367 over any other state law claims.

## II.

## VENUE

Venue is proper in this court as the damages complained of were sustained in this judicial district and the defendant railroad is doing business in the Eastern District of Louisiana.

## III.

## PARTIES

(A)    Plaintiffs, Esta M. Delaney, Albert S. Delaney III, Shannon Delaney Patin, Rebecca Delaney McCandless, David K. Delaney, Patrick J. Delaney, and Lauren Delaney Camardelle, (hereinafter the "Delaneys") were at all pertinent times hereto adult domiciliaries of Jefferson Parish (Esta M.

-2-

Delaney, David K. Delaney, Patrick J. Delaney, and Lauren Delaney Camardelle), East Baton Rouge Parish (Albert S. Delaney, III and Rebecca Delaney McCandless) and Haymarket, Virginia (Shannon Delaney Patin) all of whom were owners of the movable and immovable property at 172 Herman Street, Waggaman, Jefferson Parish, Louisiana 70094.

(B)   At all times pertinent hereto, UPRR owned a drainage ditch running in an east-west direction which is parallel to and immediately abuts the northernmost set of UPRR tracks [out of a set of four (4)] and abuts the Delaney property hereinabove described. The drainage ditch is north of the northernmost set of railroad tracks and south of the Delaney property. UPRR also owns and maintains two (2) culverts perpendicular to said drainage ditch which culverts run in a north-south direction from the above-described east-west drainage ditch under its four (4) sets of railroad tracks and empties into an open concrete drainage box and channel. The UPRR drainage ditch and the two UPRR culverts are supposed to drain storm water south from the area of the Delaney property.

## FACTS

(A)   In October, 1959 plaintiff, Esta M. Delaney and her now-deceased husband, Albert S. Delaney, Jr., bought the immovable property at 172 Herman Street in Waggaman, Louisiana. Esta M. and Albert S. Delaney, Jr. raised their six (6) children, Albert S. Delaney III, Shannon Delaney Patin, Rebecca Delaney McCandless, David K. Delaney, Patrick J. Delaney, and

Lauren Delaney Camardelle, in their home at that location.  See attached Exhibit "A" for a survey of the property purchased by Esta M. and Albert S. Delaney, Jr.

(B)     Their six (6) children inherited their father's community interest in said immovable property by a Judgment of Possession signed by Judge Patrick J. McCabe on March 20, 1999 after Albert S. Delaney, Jr.'s death.

(C)     At the time of the Delaney purchase of said property (lots 16 and 17 on Exhibit "A"), the adjoining property to the south was owned by a predecessor railroad company to UPRR.

(D)     UPRR owned a drainage ditch running in an east-west direction which is parallel to and immediately abuts the northernmost set of UPRR tracks [out of a set of four (4)] and abuts the Delaney property hereinabove described. The drainage ditch is north of the northernmost set of railroad tracks and south of the Delaney property.

(E)     UPRR also owns and maintains two (2) culverts perpendicular to said drainage ditch which culverts run in a north-south direction from the above-described east-west drainage ditch under its four (4) sets of railroad tracks and empties into an open concrete drainage box and channel.  The UPRR drainage ditch and the two UPRR culverts are supposed to drain storm water south from the area of the Delaney property.

(F)     The four (4) sets of railroad tracks were not there when the Delaneys purchased the property at 172 Herman Street, Waggaman, Louisiana in October 1959.  There were only two (2) sets of tracks in October 1959, the

southernmost and the second most northerly set of tracks (Nos. 1 and 3 of the attached Exhibit "B").

(G)     Upon information and belief, the Delaneys allege that the right-of-way upon which the four (4) sets of UPRR tracks are situated was originally purchased from Edgard Drouet by a UPRR predecessor company on July 23, 1870 and was one hundred (100) feet in width.

(H)     Furthermore, upon information and belief plaintiffs allege that said right-of-way granted to UPRR's predecessor contained a prohibition against interrupting drainage.

(I)     The third set of tracks installed on the 100-foot UPRR right-of-way was the second most southerly set of tracks (No. 2 on Exhibit "B").

(J)     The fourth set of tracks installed on the 100-foot UPRR right-of-way was the northerly most set of tracks (No. 4 on Exhibit "B").

(K)     All four sets of tracks were there in May, 1995 when there was widespread flooding in the Waggaman and Jefferson Parish area in general, including flooding of the Delaney property and inside of the Delaney home at 172 Herman Street.

(L)     In May, 1995 there was only one drainage culvert [described in paragraph (E) above] running in a north-south direction from the drainage ditch described in paragraph (D) above and running under the four (4) sets of UPRR tracks.

(M)     Upon information and belief, the plaintiffs allege that UPRR or its predecessor company, sometime after May 1995, installed a second

drainage culvert in close proximity to the first drainage culvert running in a north-south direction from the UPRR east-west drainage ditch on the north under its (4) sets of railroad tracks to the south.

(N)    When first purchased in October, 1959, Esta M. and Albert S. Delaney, Jr. erected a fence on the property line separating their lots 16 and 17 and the railroad right-of-way owned by UPRR's predecessor.

(O)    When Esta M. And Albert S. Delaney, Jr. purchased the subject immovable property in October 1959 there was a 3 to 4 foot "ledge" or extension at the same elevation of their property on the railroad right-of-way side of the fence erected by Mr. and Mrs. Delaney. This 3 to 4 foot "ledge" was used by the Delaneys to cut the grass on the south side of their fence on the railroad right-of-way.

(P)    Said 3 to 4 foot ledge abruptly gave way to a drainage ditch running in an east-west direction approximately 12 to 15 feet in width and running parallel to the railroad tracks.

(Q)    After UPRR or its predecessor company constructed the fourth set of tracks, the UPRR drainage ditch immediately to the north of track No. 4 and running in an east-west direction was reduced to a width of 6 to 8 feet and the "ledge" or land extension at the same elevation as the Delaney property started to erode.

(R)    Over the past 10-15 years the "ledge" has been completely eroded by storm water drainage in the UPRR drainage ditch all the way past the fence erected by Mr. and Mrs. Delaney in 1959. The erosion has caused the

-6-

fence to fall into the UPRR drainage ditch and the Delaney property is slowly eroding into the UPRR drainage ditch as well.

(S)     Anytime there is a rain hard enough to fill the ditch or even partially fill the ditch, more of the Delaney property is eroded into the UPRR drainage ditch.

(T)     On numerous occasions during the **calendar year 2010**, beginning in late January, the UPRR drainage ditch overflowed its banks filling the back and front yards of the Delaney property, sometimes covering the driveway and carport of the Delaney home.

(U)     On numerous occasions over the past few years, including in 2006, 2007, 2008, 2009, and 2010, the UPRR drainage ditch has overflowed its banks and flooded the side and back yards of the Delaney home but not covered the front yard or carport of the Delaney home.

(V)     When the UPRR drainage ditch starts to overflow its banks into the Delaney yard, Mrs. Esta M. Delaney, suffers anxiety, worry and concern fearing that her home will flood as it did in May, 1995.

(W)     Anytime that her yard begins to flood, Mrs. Esta M. Delaney prepares for water intrusion into her home by raising furniture and other valuables from lower to higher elevations inside her home. She gets exceedingly nervous and calls her children who live nearby to come help her.

(X)     Mrs. Esta M. Delaney's children fear that she will suffer a stroke or heart attack due to the stress and mental anguish their mother endures when these flooding events occur.

## COUNT ONE

### FAILURE OF UNION PACIFIC RAILROAD TO PROVIDE ADEQUATE DRAINAGE ALONG AND UNDER ITS RAILROAD TRACKS

A.      UPRR failed to adequately design and maintain its storm water drainage ditch running in an east-west direction to prohibit the Delaney property from flooding and eroding on a routine basis.

B.      UPRR failed to adequately design and maintain its storm water drainage culverts running in a north-south direction from its drainage ditch abutting the Delaney property to carry the storm water from its drainage ditch and away from the Delaney property.

C.      As a result of UPRR's failure to adequately design and maintain its storm water drainage facilities abutting or in very close proximity to the Delaney property, the Delaney property routinely floods and is eroding at what seems to be an increased pace.

D.      As a result of UPRR's negligence, the Delaneys have suffered a diminution in value to their property due to its frequent flooding and erosion.

E.      Furthermore, Esta M. Delaney has suffered severe mental anguish and stress from the frequent flooding of her property and near flooding of her home.

F.      As a result of UPRR's negligence, the Delaney's will necessarily have to fortify and raise the boundary of their property which is adjacent to or near UPRR's drainage ditch to prohibit storm water in UPRR's drainage ditch from intruding on their property and eroding same.

G.     As a result of UPRR's negligence, the Delaney's will have to replace their fence which has been destroyed by erosion and fill in their yard which has also been eroded.

H.     As a result of UPRR's negligence, the Delaney's have suffered monetary damages in an amount to be determined at trial but which the Delaneys estimate to be approximately $100,000.00

## COUNT TWO

### STRICT LIABILITY UNDER LAS-C.C. arts. 655 and 656

A.     UPRR is strictly liable for its failure to receive the storm water drainage that naturally flows north to south in the subject area pursuant to LSA-Civil Code articles 655 and 656.

B.     The Delaney property is the dominant estate above the UPRR property and the UPRR right-of-way is the servient estate below the Delaney property.

C.     As a result of the strict liability of UPRR and its actions, the Delaneys have suffered the same damages as is set forth in paragraphs (C) to (H ) in Count One hereinabove referenced.

## COUNT THREE

### STRICT LIABILITY UNDER LAS-C.C. art. 2317

A.     UPRR is strictly liable for its failure to adequately drain the storm water that flows north to south in the subject area pursuant to LSA-Civil Code article 2317.

B.     UPRR is the owner of the railroad tracts, the drainage ditch and drainage culverts hereinabove referenced, whose storm water drainage facilities are not properly functioning thereby allowing UPRR's elevated tracks to act as a dam, backing water up and flooding and eroding the Delaney property.

C.     The UPRR tracks and the inadequate drainage underneath and through those elevated tracks pose an unreasonably dangerous condition.  The burden of preventing the loss was substantially less than the risk of injury.

D.     As a result of this unreasonably dangerous condition which was in the care, custody, and control of UPRR, the railroad is strictly liable therefore.

E.     As a result of the strict liability of UPRR and its actions, the Delaneys have suffered the same damages as is set forth in paragraphs ( C) to (H ) in Count One hereinabove referenced.

## IV.

## JURY TRIAL

The Delaneys request a trial by jury.

WHEREFORE, Esta M. Delaney, Albert S. Delaney III, Shannon Delaney Patin, Rebecca Delaney McCandless, David K. Delaney, Patrick J. Delaney, and Lauren Delaney Camardelle pray that judgment be rendered herein in their favor and against Union Pacific Railroad as follows:

a.     With respect to all Counts, judgment be rendered herein against Union Pacific Railroad in the amount to be specifically determined at trial but which plaintiffs estimate to be in excess of $100,000 for property damages to their

immovable property, the repair to prevent future damages, and diminution in value of their property plus legal interest thereon from the date of filing until paid, together with attorneys fees and expenses incurred in connection therewith; and,

b.    With respect to all Counts, judgment should be rendered against Union Pacific Railroad requiring Union Pacific Railroad to correct its storm water drainage facilities underneath its tracks so that there is sufficient capacity to prevent the Delaney property from future flooding; and,

c.    With respect to all counts, judgment to be rendered against Union Pacific Railroad in an amount to be determined at trial for severe mental anguish on a recurring and regular basis plus legal interest thereon from the date of filing until paid, together with attorneys fees and expenses incurred in connection therewith; and,

d.    All costs of this action; and

e.    Awarding the Delaneys such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BY:_____
LAURENCE COHEN
Louisiana State Bar Association Number 1304
702 N. Carrollton Ave.
New Orleans, Louisiana 70119
Telephone: (504) 284-3800
Facsimile: (504) 482-6988
ATTORNEY for Esta M. Delany et al.